55 127
136 351

# THE GERMAN PRINTING AND PUBLISHING COMPANY

## *v.*

# THE ILLINOIS STAATS ZEITUNG COMPANY.

1. INJUNCTION—*should not go beyond the scope of the bill.* Upon bill filed to enjoin a certain newspaper in the city of Chicago from publishing the official proceedings, ordinances, etc. of said city, under a resolution of the city council designating such newspaper for that purpose, an injunction issued, restraining the publication in that paper of such proceedings, ordinances, etc. " under said, or *any* resolution " of the city council: *Held*, it was error to make the injunction perpetual, because it was not confined in its operation to the particular resolution which alone was within the scope of the bill.

2. SAME—*against whom it will lie.* Even though the authorities of a city may, without the solicitation or agency of the proprietors thereof, designate a newspaper in which to publish the official proceedings of the city, which, under the law on that subject, is not entitled to be thus selected, still, that does not afford any ground of complaint against the newspaper or its proprietors, merely because they may claim the right, under that designation, to avail themselves of the benefits to flow therefrom. A newspaper can not be restrained from publishing any lawful matter, in the regular course of its business, on the alleged ground that those proposing to furnish such matter will do so in violation of their public duty and of the rights of others.

3. And in a proceeding to restrain the authorities of the city from committing a breach of their own duty in that regard, the newspaper alleged to have been improperly selected to publish the official proceedings can not be involved, there being no privity between such newspaper and others claiming the right of such selection.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Mr. THOMAS HOYNE and Mr. DANIEL DRISCOLL, for the appellants.

Mr. EMERY A. STORRS and Mr. S. A. IRVIN, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the second Monday of December, 1869, the common council of the city of Chicago passed the following resolution:

"That the Illinois Volks Zeitung be and the same is hereby designated as the German newspaper for the publication of the official proceedings of the common council, and of the different boards, and the assessments, reports, and other corporation notices for the ensuing two years, the same to accept such compensation as may be fixed by this council hereafter."

This was a bill in chancery, filed in the circuit court of Cook county, by the appellees against the appellants, the city of Chicago and its common council, and certain officers, to enjoin the city and common council from further proceeding in the execution of any arrangement or contract with the appellants, the publishers of the "Illinois Volks Zeitung," for the publication of their official proceedings, fixing any compensation or making any payments to them, under the foregoing resolution, alleging that it was the requirement of the city charter to designate, as aforesaid, the German newspaper having the largest daily circulation, and that the daily circulation of the paper of the appellees was at least four times greater than that of the appellants, or the only other German newspaper published in Chicago.

The defendants filed a demurrer to the bill, which was overruled by the court, and, the defendants electing to abide by their demurrer, a decree was entered in favor of the complainants in accordance with the specific prayer of the bill, and that the said common council forthwith proceed to designate the said Illinois Staats Zeitung as the German newspaper for the publication of the official proceedings, etc.

From the decree the defendants prayed an appeal, but the same is only prosecuted by the German Printing and Publishing Company; and as the other defendants stand enjoined by the decree, we do not deem it incumbent on us to consider the various questions upon the general merits of the controversy between the different parties, which were raised upon the argument of this case, but finding sufficient ground for the reversal of the decree as to the appellants, we shall confine our attention to that.

This provision, among others, is contained in the decree: "that the injunction heretofore issued, be and the same is hereby made perpetual."

The writ of injunction which had been issued and executed, restrained the appellants from printing or publishing in the Illinois Volks Zeitung, "under said, or *any* resolution, motion, designation or vote of the common council of the city of Chicago, any of the official proceedings, ordinances, etc. of said city of Chicago."

The whole scope of the bill and decree, as to the city, was to restrain action under the particular resolution specified, and the decree was too broad in extending to *any* resolution, etc. as it did by making perpetual the injunction theretofore issued, an inadvertence, doubtless, arising from the particular language of the writ of injunction not having been brought to the attention of the court. .And we think, moreover, that the appellants were not properly the subject of any decree, or rightful complaint, in behalf of the appellees.

Without any solicitation, or agency on their part, their paper had been designated as specified, in a resolution of the common council. The sole charge in the bill against them is, that they claimed the right under said designation to print and publish said official proceedings, etc. to enter into a contract with said common council for the publication thereof, and to receive from the city compensation therefor. Their mere claim could not legally affect any right the appellees might have; it was not unlawful for them to print and publish any lawful matter in

9—55TH ILL.

the regular course of their business; the city charter certainly imposed no duty upon them in this respect, and if the city and common council were about to violate a provision of the charter, to the prejudice of the appellees, in a proceeding to restrain them from committing a breach of their own duty in violation of the city charter, these appellants could not properly be involved. No privity existed between them and the complainants.

The decree of the court below, so far as it in any way enjoins the appellants, is reversed.

*Decree reversed.*